J. W. BOWMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7467.   Promulgated October 6, 1927.

The amount of petitioner's income for the calendar year 1919, from a partnership having a fiscal year ended January 31, 1919, which is subject to tax at 1918 rates determined.

*John R. Geyer, Esq.,* and *Paul G. Smith, Esq.,* for the petitioner.
*Brice Toole, Esq.,* for the respondent.

The Commissioner has asserted a deficiency in income tax against the above named petitioner, for the year 1919, by the rejection of a claim in abatement of $1,269.97, which forms part of a larger amount assessed by the Commissioner in March, 1925. The circumstances and basis of the asserted deficiency will sufficiently appear hereinafter.

FINDINGS OF FACT.

The petitioner was, during the years 1918 and 1919 and prior thereto, a member of the firm of J. K. Bowman, J. W. Bowman, and H. H. Bowman, trading as Bowman & Co., and engaged in conducting a department store as a copartnership with store and principal office located at 314-316-318 Market St., Harrisburg, Pa.

The partnership keeps its books and makes its report of income upon the basis of a fiscal year ending January 31. J. W. Bowman, the petitioner, reported his income for the year 1919 on a calendar year basis. He reported as income received in 1919, his distributive share of the profits of such partnership for the fiscal year ending January 31, 1919.

On July 1, 1924, the Commissioner mailed a deficiency notice to the petitioner asserting a deficiency in income tax of $3,411.76. Thereafter an appeal was taken to the United States Board of Tax Appeals, within the time required by law, which appeal was entered as Docket No. 39. On November 14, 1924, the Board rendered a decision in said appeal (which decision is reported in volume 1 of United States Board of Tax Appeals Reports, at page 60), in which it was determined that the deficiency in income tax of J. W. Bowman for the calendar year 1919, was $1,479.93. Said deficiency of $1,479.93 was determined by the Board on the basis of a stipulation by the parties litigant.

Under date of January 22, 1925, the following letter was mailed to the petitioner's counsel.

Mr. PAUL G. SMITH,
    *Attorney at Law, Kunkel Building, Harrisburg, Pa.*

In re: Appeal of J. W. Bowman, 314 Market Street, Harrisburg, Pa. Docket No. 39.

SIR: Reference is made to the tax liability of the above-named appellant for the year 1919, and to deficiency letter dated July 1, 1924.

In the letter of July 1, 1924, the taxpayer was notified that his deficiency tax liability for the year 1919 amounted to $3,411.76. From this deficiency letter the taxpayer filed his petition for an appeal to the United States Board of Tax Appeals, and by the decision of the Board to appellant's tax liability for the year 1919 was reduced to the amount of $1,479.93. In the recomputation of the appellant's tax liability for the year 1919 in accordance with the decision of the Board, it is found that an error in the original audit of the appellant's return was not corrected in the letter of July 1, 1924, and since this error in the original audit has been discovered and correction made, the result is that the deficiency proposed to be assessed in the letter of July 1, 1924, was understated by the amount of $1,269.97, and that by adding this amount to the amount of deficiency tax found to be due from this taxpayer by the United States Board of Tax Appeals in the amount of $1,479.93, as shown by a recomputation which is enclosed herewith, the deficiency tax which should be assessed against the taxpayer for the year 1919 amounts to $2,749.90.

Will you please take this matter up with your client, Mr. J. W. Bowman, and ascertain from him whether or not he will concede the error that was made in the original audit of his return, and whether or not he will be willing to pay the deficiency tax arising out of this error, along with the deficiency found to be due by the Board at the hearing of his appeal. If you desire to have a hearing before the Unit with reference to this additional deficiency arising out of the error in the original audit of the taxpayer's return, will you suggest a date that will suit your convenience for this purpose.

Respectfully,

(Signed)    NELSON T. HARTSON,
            *Solicitor of Internal Revenue.*

Encl.
RAL: BJ.

The claimed error referred to in the above quoted letter was based upon the following calculation:

### 1919 INCOME

| | | | |
|---|---|---|---|
| Block J, original Revenue Agent's report | | Loss | $8,445.65 |
| Additional contributions allowed, (Supplemental Revenue Agent's Report) | | $1,527.53 | |
| Bad Debts allowed partnership by United States Board of Tax Appeals | $16,935.27 | | |
| Your 2/5 share | 6,774.11 | | |
| 1/12 for 1919 | | 564.51 | |
| | | | 2,092.04 |
| Block J. corrected | | Loss | $10,537.69 |
| Plus 1919 dividends | | | 6,974.00 |
| 1919 income subject to Normal tax | | none | |
| | | | $3,563.69 |
| Partnership 1918 income original Revenue Agent's Report | | $42,244.97 | |
| Bad Debts allowed partnership by United Board of Tax Appeals | $16,935.27 | | |
| Your 2/5 share | 6,774.11 | | |
| 11/12 for 1918 | | 6,209.60 | |
| Subject to Normal tax at 1918 rates | | $36,035.37 | |
| Block K (c) corrected | | | $36,035.37 |
| Block L, corrected | | | $32,471.68 |

### TAX AT 1918 RATES

| | | |
|---|---|---|
| 1918 partnership income | $36,035.37 | |
| Personal exemption | 2,400.00 | |
| | $33,635.37 | |
| Normal tax at 6% | 4,000.00 | 240.00 |
| Normal tax at 12% | $29,635.37 | 3,556.24 |
| Surtax on Block L ($32,471.68) | | 2,160.75 |
| Total corrected tax liability | | $5,956.99 |
| No 1919 tax, therefore no tax paid at source allowed or involved. | | |
| Original assessment No. 325708 | | 3,207.09 |
| Increase of tax | | $2,749.90 |

On March 13, 1925, the petitioner was advised by the respondent that owing to the impending expiration of the statutory period of limitations within which assessments of additional taxes for 1919 must be made, it had become necessary to make an assessment of the full amount of $2,749.90. The same letter further advised the petitioner that under the provisions of section 279(a) of the Revenue Act of 1924, he had the right to file with the collector of internal revenue, within 10 days after notice and demand for payment, a

claim for abatement on this tax or any part thereof. On April 2, 1925, a claim for abatement in the amount of $1,269.97 was filed with the collector of internal revenue of the first district of Pennsylvania under the provisions of section 279(a) of said Act. On August 4, 1925, the petitioner was notified of the rejection in full of said claim for abatement.

The basic facts for the computation of the 1919 income-tax liability of the petitioner are not in dispute and are as follows:

| | |
|---|---:|
| Loss from outside sources exclusive of partnership profits | $13, 813. 63 |
| Reduced by 1/12 of partnership income (attributable to 1919) | 3,275. 95 |
| Loss as reduced by 1/12 of partnership income | 10, 537. 68 |
| Reduced by dividends received directly in 1919 | 6, 974. 00 |
| Loss as reduced by 1/12 of partnership income and dividends | 3, 563. 68 |
| Eleven-twelfths of partnership income (attributable to 1918) | 36, 035. 37 |
| Taxable net income for 1919 | 32, 471. 69 |

### OPINION.

LANSDON: This proceeding presents an unusual situation. Two deficiency notices were mailed the petitioner, each involving the same year (1919). The first deficiency notice, mailed July 1, 1924, gave rise to the appeal reported in volume 1 of the United States Board of Tax Appeals Reports, at page 60. According to the report of said case—

The only issue presented at the hearing related to a disallowance by the Commissioner of the income-tax return of the partnership of certain claimed deductions on account of bad debts. The parties thereafter stipulated that of $21,613.17 bad debts deducted by the partnership and disallowed by the Commissioner, the sum of $16,935.27 represented debts ascertained to be worthless and charged off within the taxable year and the sum of $4,677.90 represented accounts not determined to be worthless and not charged off as such.

The parties have further stipulated, with respect to the tax liability of each individual partner, that the correct deficiency in the case of J. W. Bowman is $1,479.93 on account of income tax for the year 1919; that the correct deficiency for the same year in the case of H. H. Bowman is $964.62, and of J. K. Bowman, $834.93.

The Board thereupon determined that the asserted deficiency against J. W. Bowman for the year 1919 was allowed in part and disallowed in part and that the deficiency was $1,479.93. This decision was made November 14, 1924.

Thereafter the Bureau of Internal Revenue ascertained that what it regarded as an error in the original audit of the petitioner's liability for the year 1919, had not been corrected in the deficiency notice of July 1, 1924, and it so advised the petitioner by the letter of the then Solicitor of Internal Revenue dated January 22, 1925,

quoted above in full. The attempted correction of this alleged error gave rise ultimately to an assessment of the amount in dispute under section 274 (d) of the Revenue Act of 1924, the filing of a claim in abatement under section 279 (a) of said Act, followed by the rejection by the Commissioner of the abatement claim under date of August 4, 1925, upon which action the instant proceeding is based.

The facts involved raise a preliminary question as to the right of the Commissioner to issue a second deficiency notice covering the same taxable year under the Revenue Act of 1924. In connection with the preparation of the Revenue Bill of 1926, this matter received consideration. A new provision incorporated in the Revenue Act of 1926 (subdivision (f) of section 274) provides that the Commissioner shall have no right to determine any additional deficiency in respect to the same taxable year, with certain exceptions not here material, if *after* the enactment of this Act the Commissioner has mailed to the taxpayer notice of a deficiency. The explanation of this new provision made by the Committee on Ways and Means in its report to the House of Representatives, is as follows:

Subdivision (f) provides that after the enactment of this act and after the Commissioner has notified the taxpayer of the deficiency he shall have no right to determine an additional deficiency in respect of the same taxable year, except in the case of fraud and except as may be provided by the Board of Tax Appeals under the provisions of subdivision (e) of this section. Under this section, if the Commissioner has sent a 60-day letter after the enactment of this Act, he may not thereafter send another 60-day letter, but must raise before the Board in accordance with subdivision (e) of this section his claim for a deficiency greater than that set out in the 60-day letter. *It should be noted that this section prohibits the sending of a second 60-day letter only in cases where there has already been, after the enactment of this Act, one 60-day letter sent to the taxpayer.* (Italics ours.)

The Congressional intent thus expressed would seem to leave no doubt but that the Commissioner had the right under the Revenue Act of 1924 to issue a second deficiency notice covering the same taxable year. Cf. *Dallas Brass & Copper Co.*, 3 B. T. A. 856.

The only issue presented in the prior proceeding as stated by the Board " related to a disallowance by the Commissioner * * * of certain claimed deductions on account of bad debts." The deficiency notice of August 4, 1925, presents an issue not raised in the prior proceeding either by the pleadings or otherwise, namely, the correct interpretation of sections 205(c), 206 and 218(b) of the Revenue Act of 1918. The construction of said provisions contended for by the Commissioner and embodied in his deficiency notice of August 4, 1925, has the practical effect of increasing the petitioner's taxable net income for 1918 for purposes of normal tax, from $32,471.69 to $36,035.37.

We believe that the Commissioner was entirely within his rights in issuing the second deficiency notice in this case; that the matter is properly before this Board under section 279(b) of the Revenue Act of 1924; and that a new issue is raised thereby which was not before this Board in the prior proceeding above mentioned.

The proposed deficiency involves the statutory method of computing the income-tax liability of an individual member (reporting income on the calendar year basis) of a partnership, which partnership has a fiscal year beginning in 1918 and ending in 1919. The respondent has applied the rates prescribed for the year 1918 to the sum of $36,035.37 (being eleven-twelfths of the petitioner's distributive share of the partnership profits for its fiscal year ended January 31, 1919), without reducing said sum by losses sustained in 1919 and without allowing as a credit for the purpose of the normal tax, the corporate dividends received directly by the petitioner during 1919.

As a matter of fact, the petitioner did not suffer a net loss, operating or otherwise, during the taxable year 1919. His net income for that year was $32,471.69. The Revenue Act of 1918, however, prescribes that under the instant facts the petitioner's distributive share of the partnership profits for its fiscal year ended January 31, 1919, shall be split up for the purpose of ascertaining the rates to be used in computing the tax, into the proportion of eleven-twelfths attributable to 1918 and one-twelfth attributable to 1919. It is from the standpoint of that portion of his income for 1919, *subject to tax at 1919 rates* that the petitioner discloses no income subject to tax. The statute does not provide that the income shall be regarded as of two years or that the tax is a tax to any extent for the earlier year. The income is all income of the later year (1919), the tax upon which is, in recognition of the source of the income, measured *pro tanto* by the schedule of both years. See *Appeal of Charles Colip*, 5 B. T. A. 123, 125.

The specific provisions of the Revenue Act of 1918 covering the instant situation are as follows:

SEC. 205. (c) If a fiscal year of a partnership begins in 1917 and ends in 1918 or begins in 1918 and ends in 1919, then notwithstanding the provisions of subdivision (b) of section 218 (1), the rates for the calendar year during which such fiscal year begins shall apply to an amount of each partner's share of such partnership net income (determined under the law applicable to such year) equal to the proportion which the part of such fiscal year falling within such calendar year bears to the full fiscal year, and (2) the rates for the calendar year during which such fiscal year ends shall apply to an amount of each partner's share of such partnership net income (determined under the law applicable to such calendar year) equal to the proportion which the part of such fiscal year falling within such calendar year bears to the full fiscal year: *Provided*, That in the case of a personal service corporation with respect to a fiscal year beginning in 1917 and ending in 1918, the amount specified in clause (1) shall not be subject to normal tax.

Sec. 206. That whenever parts of a taxpayer's income are subject to rates for different calendar years, the part subject to the rates for the most recent calendar year shall be placed in the lower brackets of the rate schedule provided in this title, the part subject to the rates for the next preceding calendar year shall be placed in the next higher brackets of the rate schedule applicable to that year, and so on until the entire net income has been accounted for. *In determining the income, any deductions, exemptions or credits of a kind not plainly and properly chargeable against the income taxable at rates for a preceding year shall first be applied against the income subject to rates for the most recent calendar year; but any balance thereof shall be applied against the income subject to the rates of the next preceding year or years until fully allowed.* (Italics ours.)

Sec. 218. (b) If a fiscal year of a partnership ends during a calendar year for which the rates of tax differ from those for the preceding calendar year, then (1) the rates for such preceding calendar year shall apply to an amount of each partner's share of such partnership net income equal to the proportion which the part of such fiscal year falling within such calendar year bears to the full fiscal year, and (2) the rates for the calendar year during which such fiscal year ends shall apply to the remainder.

The partnership's fiscal year began in 1918 and ended on January 31, 1919. Pursuant to the specific exception contained in section 205 (c), *supra*, we may ignore the provisions of section 218 (b) in determining the issue herein presented. The respondent, however, seems to rely upon the literal interpretation of that part, either of section 205 (c) or of section 218 (b), which provides in effect, as adapted to the facts in this case, that the rates for the calendar year 1918 (the calendar year during which the partnership's fiscal year begins), " shall apply to an amount of each partner's share of such partnership net income " equal to the proportion which the part of such fiscal year falling within the petitioner's calendar year bears to the full fiscal year. The proportion just mentioned will in this case be eleven-twelfths, and amount to $36,035.37. The sections of the statute under consideration also provide that the rates for the calendar year 1919 (the calendar year during which the partnership's fiscal year ends) " shall apply to an amount of each partner's share of such partnership net income," equal to the proportion which the part of such fiscal year falling within the petitioner's calendar year bears to the full fiscal year. This proportion is one-twelfth on the present facts and amounts to $3,275.95. It is noted that in the respondent's revised computation forming the basis of this proceeding, no 1919 income was found subject to normal tax at the 1919 rates. This seems inconsistent with his position respecting the amount of 1919 income subject to tax at 1918 rates, for one-twelfth of the petitioner's income from the partnership and to which the 1919 rates would apply consistently with the respondent's action, amounts to $3,275.95.

The solution of this question is not difficult to find in a reading of the provisions of the statute as a whole. By sections 210 and 211

of the Revenue Act of 1918, a normal tax and a surtax are imposed upon the " net income " of every individual, at specified rates. In section 212 of said Act, the term " net income " is stated to mean gross income as defined in section 213 less the deductions allowed by section 214. These are the vital sections of the statute. See *Theodore Schilling*, 3 B. T. A. 936, 939. Section 216 of said Act allows certain credits for the purpose of the normal tax only, one of which is the amount received as dividends from a corporation which is taxable under this title upon its net income. The 1918 Act also contains provisions respecting the computation of the tax where parts of a taxpayer's income for an accounting period are made subject to rates for different years. Section 205 (c), section 206, and section 218 (b) are of that nature and give rise to the question of statutory construction raised herein. The respondent seeks to lift certain language out of section 205 (c) or 218 (b), disassociate it from the statute as a whole, and compute the tax on that portion of the petitioner's distributive share attributable to 1918 without allowing any deductions or credits whatsoever. The respondent does allow authorized deductions and credits in ascertaining that portion of the petitioner's income subject to tax at the 1919 rates. The reason for his following the literal language of section 205 (c) or section 218 (b), above referred to, in computing the tax on that portion of the petitioner's income subject to 1918 tax, and adopting a contrary construction in computing the tax on that portion of the distributive share subject to 1919 rates, has not been explained. We are unable to find the basis for such a distinction in the statute.

Net income, as defined therein, is the object of the tax imposed by Title II of the Revenue Act of 1918. We are of the opinion that when a taxpayer reports income for the calendar year 1919 and said income includes the taxpayer's distributive share of partnership profits determined on a fiscal year basis, all deductions, exemptions or credits provided by the applicable revenue act must be granted in ascertaining the amount or amounts to which the prescribed rates shall be applied. If any possible doubts could exist on this point, they would seem to be dispelled by the provisions of the last sentence of section 206, above quoted. This section provides in terms that in determining a taxpayer's income any deductions, exemptions, or credits of a kind not plainly and properly chargeable against the income taxable at rates for the preceding year (1918), shall first be applied against the income subject to rates for the most recent calendar year (1919); but any balance thereof shall be applied against the income subject to the rates of the next preceding year or years until fully allowed. In construing section 205 (c) of the Revenue Act of 1921, which except for the years named therein, is substantially identical with section 205 (c) of the Revenue Act of

1918, the Board said: " Section 205 (c) is subordinate to section 211, and the expressed intent of the latter is controlling in the construction of section 205 (c)." *Theodore Schilling, supra*, p. 939.

This extract indicates quite clearly that the view taken by the Board is that a method prescribed for computing the tax is subordinate to, and must be construed in harmony with, those provisions of the statute dealing with the ascertainment of taxable net income, credits, and exemptions.

Reviewed by the Board.

> *Judgment of no deficiency will be entered for the petitioner.*

STERNHAGEN, MURDOCK and SIEFKIN dissent on the first point.